IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No.: 3:99CR109

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>FRANCISCO CURBELO,<br>Defendant. | ORDER |

**THIS MATTER IS BEFORE THE COURT** with respect to a "Motion to Withdraw for Objection to Court Appoints [sic] Defense Attorney" (Document No. 243), filed January 14, 2005 by Francisco Curbelo, "Motion for Preliminary Rehearing" (Document No. 244), filed January 19, 2005 by Mr. Curbelo, "Motion for Transcripts at the Government's Expense" (Document No. 245) filed April 12, 2005 by Mr. Curbelo, "Motion for Indigent Petition of Transcripts" (Document No. 246) filed April 15, 2005 by Mr. Curbelo, "Motion to Evidentiary Hearing and Reconsideration of Pro Se Defendant Motion On the Claim of Ineffective Assistance of Counsel" (Document No. 248), filed May 9, 2005 by Mr. Curbelo, and upon receipt of a letter from Mr. Curbelo, dated May 18, 2005, regarding "hearing for release bail pending sentence" (the "Letter").[1]

The record reflects that Mr. Curbelo is represented by appointed counsel, Aaron E. Michel. It is the practice of this Court, when a defendant is represented by counsel, to rule on motions filed

---

[1] The letter received was handwritten in Spanish and was not translated by this Court. To the extent the letter expresses concerns regarding the ineffectiveness of counsel, those concerns will be considered at the inquiry to counsel hearing described herein. The letter is attached as an exhibit to this order so that the record fully reflects all matters before the Court.

only by counsel of record. Therefore, if Mr. Curbelo has any matters he wishes this Court to consider, they must be submitted through his attorney. The Court does take seriously Mr. Curbelo's representations that he is not satisfied with the services of his attorney. Therefore, contemporaneously with the entry of this Order, the Court will schedule an inquiry to counsel hearing.

**IT IS, THEREFORE, ORDERED** that Mr. Curbelo's "Motion to Withdraw for Objection to Court Appoints [sic] Defense Attorney" (Document No. 243), "Motion for Preliminary Rehearing" (Document No. 244), "Motion for Transcripts at the Government's Expense" (Document No. 245), "Motion for Indigent Petition of Transcripts" (Document No. 246), and "Motion to Evidentiary Hearing and Reconsideration of Pro Se Defendant Motion On the Claim of Ineffective Assistance of Counsel" (Document No. 248) are all **DENIED** without prejudice to Mr. Curbelo who is instructed to re-file any motions, if appropriate, through his attorney, Mr. Michel, pending a hearing into the status of counsel.

**IT IS SO ORDERED** this the 26th day of May, 2005.

_____
DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE

ATTN: Hon. Graham C. Mullen
Chief U.S. District Judge

05-18-2005

David C. Keesler
Magistrate Judge
U.S. District Court
Room 210, Charles R. Jonas Buid.
401 West Trade Street
Charlotte, NC. 28202

RECEIVED MAY 2005

Re: hearing for release bail pending sentence

Dear Hon. Keesler

Mi nombre es Francisco Curbelo Caso No. 3:99CR109-01-MU la razón por la que me estoy dirigiendo a uste de la manera mas repetuosa es para solicitarle una audiencia para peticion de liberta condicional (release bail bond) pendiente la sentencia estoy rogandole a su buen corazon y padre de familia.

El defendido Curbelo tiene un hijo de 14 años que se encuentra internado en un hospital siquiatrico por intento de suicidarse, esta sufriendo de paranoia con delirio de persecucion e idea de suicidarse, lo cual lo an llevado a arrancarse todos el pelo de la cabeza, eja, pestaña y bello de la pierna. Mi hijo Wellington Peralta se encuentra hopitalizado en "Four Winds Hospital en Katonah, New York, le estoy suplicando una liberta tenporal para estal al lado de mi hijo por el cual temo muchos por su vida, a mi hijo Wellington le a hafetado muchos mi encarcelamiento y falso testimonio

de su madre Wendi E. Peralta, El defendido Curbelo no a difrutada de ningun veneficio del PreTrial desde mi arresto en Junio 30, 1999 la corte no inpuso ninguna fianza. Yo e sido discriminado con relacion para obtener una liberta bajo fianza, Todos mis co-defendant y testigo del gobierno fueron beneficiada con liberta vajo fianza por haver firmado las Acusaciones de culpabilidad, El defendido Curbelo a sido discriminado en cuanto a la liberta bajo fianza por sus derecho de llevar su caso a un juicio con jurado para tratar de provar su inocencia, los testigos del gobierno y co-defendants tienen records criminales y algunos eran ilegales y fueron libertado. "selectivo" bail bond. Honorable Magistrate Judge Keesler le estoy suplicando por el amor de Dios que se me permita mi liberta bajo fianza para poder estar con mis hijos bajo la promesa que voy a regresar cuando sea requerido por la corte o que la corte me inponga sus condiciones, yo solo quiero evitar que mi hijo cometa una trajedia y se suicide

dandole las gracias de antemano en este hasunto.
see: junto a esta carta le envio copia de la custodia y dos (2) fotos copia actualmente ya no tiene pelo

Sincerely

Francisco Curbelo #242376
Mecklenburg County Jail
P.O. Box 34429
Charlotte, NC. 28234





GF18 12/97
(Order-Custody-Visitation)

At a term of the Family Court of the State of New York, held in and for the County of Bronx, at 900 Sheridan Ave., Bronx, NY 10451, on March 01, 2000

P R E S E N T:     MARICEL GONZALEZ-ROMAN
Court Attorney Referee

In the Matter of a Proceeding for
Custody and/or Visitation under
Article 6 of the Family Court Act

ANA PERALTA

        Petitioner,

-against-

WENDY PERALTA
ANGEL HERRERA

        Respondents,

Docket No.
V-19829-30/99

(ORDER DIRECTING CUSTODY)

NOTICE: PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

    The Petitioner(s) herein having filed a petition on December 02, 1999 pursuant to Article 6 of the Family Court Act, requesting an order awarding custody of the minor children, WELLINGTON PERALTA born August 23, 1990; and ANGELA PERALTA born July 2, 1999, and

    WENDY PERALTA having appeared before this Court to answer the petition, having been advised by the Court of the right to counsel, and to show why an order of custody should not be granted; and WENDY PERALTA having admitted the allegations of the petition; and

    The matter having duly come on to be heard before this Court;

ORDER DIRECTING CUSTODY

19829-30/99

NOW, after examination and inquiry into the facts and circumstances of the case and after hearing the proofs and testimony offered in relation thereto; it is hereby

Adjudged that it would be in the best interest of the children, WELLINGTON PERALTA born August 23, 1990; and ANGELA PERALTA born July 2, 1999, to have custody awarded to ANA PERALTA; and it is therefore

ORDERED, that ON PARTIES CONSENT AND THAT OF THE LAW GUARDIAN, FINAL ORDER OF CUSTODY TO PETITIONER.

Dated: March 01, 2000

ENTER

_____
MARICEL GONZALEZ-ROMAN
Court Attorney Referee

**CHECK APPLICABLE LINE:**
☐ Order mailed on(specify date(s) and to whom mailed): _____
☐ Order received in court on (specify date(s) and to whom given): _____